IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WANDA EVETTE DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-144 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. no. 18.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED IN PART**, and Plaintiff be **AWARDED** attorneys' fees in the amount of $4,463.50 and expenses in the amount of $16 pursuant to the EAJA.

**I.   BACKGROUND**

On July 12, 2018, Chief United States District Judge J. Randal Hall granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned social security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 16, 17.) Plaintiff now moves for $4,730.13 in attorneys' fees and $242.00 in costs and expenses under the EAJA. (Doc. no. 18.) The Commissioner opposes Plaintiff's motion, arguing Plaintiff is not entitled to attorneys' fees for 1.35 expended hours, which constitute non-compensable

clerical time, and $226.00 in costs for filing a pro hac vice application.  (Doc. no. 19.)

## II.     DISCUSSION

### A.     Plaintiff is Not Entitled to Compensation for Clerical Tasks

This Court has discretion to deny or reduce the amount of an award for fees incurred by preparation of certain documents.  See U.S.C. § 2412(d)(1)(C).  Attorneys are not entitled to compensation at an attorney's rate for clerical tasks or tasks that do not require the full exercise of an attorney's education and judgment.  See Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]asks of a clerical nature are not compensable as attorney's fees . . . under the EAJA."); Clover v. Colvin, CV 314-154, doc. no. 26 (S.D. Ga. Aug. 29, 2016) (holding plaintiff not entitled to attorneys' fees for clerical tasks).

Here, Plaintiff seeks compensation for numerous clerical tasks including filing cover sheets, summons, and *in forma pauperis* forms, sending summons and complaint by mail, filing proof of service, preparing summons and cover sheets, and receiving executed summons.  (See doc. no. 18-5.)  Because these tasks are clerical, Plaintiff is not entitled to attorneys' fees and the Court reduces Plaintiff's award of attorneys' fees from $4,730.13 to $4,463.50.

### B.     Reasonableness of the Requested Fee

28 U.S.C. § 2412 provides that a judgment for costs shall be limited to reimbursing in whole or in part the prevailing party for the costs incurred in the litigation, with the Court having discretion over the amount awarded.  28 U.S.C. § 2412 (a)(1), (d)(1)(C).  Costs related to obtaining pro hac vice admission are non-compensable costs of doing business and are not chargeable to the federal government.  See Adams v. Colvin, CV 114-104, doc. no. 26 (S.D. Ga. June 2, 2017) (holding plaintiff could not recover cost of obtaining pro hac vice

admission and cost of obtaining certificate of good standing); Bookman v. Comm'r of Soc. Sec., No. 6:08-CV-1986-ORL-28, 2011 WL 12497233, at *3 (M.D. Fla. Nov. 2, 2011) report and recommendation adopted, No. 6:08-CV-1986-ORL-28, 2011 WL 6057506 (M.D. Fla. Dec. 6, 2011) (holding time related to obtaining pro hac vice admission is non-compensable). The EAJA does not require the government to fund the enhancement of an attorney's versatility or capability through funding pro hac vice admissions. See Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 973 (D.C. Cir. 2004) (quoting Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993)). Consequently, Plaintiff cannot recover the cost of obtaining pro hac vice admission and obtaining a certificate of good standing, and the Court reduces Plaintiff's cost and expense recovery from $242 to $16.

    **C.**    **The Fees are Payable to Plaintiff**

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District. See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees to Plaintiff, subject to

3

offset by any debt owed by Plaintiff to the United States. The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

### III. CONCLUSION

The Court **REPORTS** and **RECOMMENDS** Plaintiff's motions for attorneys' fees be **GRANTED IN PART**, (doc. no. 18), and Plaintiff be **AWARDED** $4,463.50 in attorneys' fees and $16.00 in expenses.

SO REPORTED and RECOMMENDED this 6th day of November, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA