IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WANDA EVETTE DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-144 |
| | ) | |
| ANDREW M. SAUL, Commissioner | ) | |
| of Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. no. 23.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **GRANTED**.

**I.  BACKGROUND**

On July 12, 2018, the Court granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and on December 4, 2018, awarded Plaintiff $4,4630.50 in attorney's fees and $16.00 in expenses under the Equal Access to Justice Act ("EAJA"). (Doc. nos. 16, 22.) On September 17, 2019, Plaintiff filed a motion for attorney's fees in the amount of $9,461.68 pursuant to § 406(b) because the Administrative Law Judge awarded Plaintiff past due benefits on remand. (Doc. no. 23.) The Commissioner does not oppose the amount

---

[1] The Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption of this Order, which is consistent with Defendant's answer. (See doc. no. 10.)

requested for attorney's fees, but, instead, only requested the Court determine whether Plaintiff motion for attorney's fees pursuant to § 406(b) is timely. (Doc. no. 24.)

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(2) requires a motion for attorney's fees under § 406(b) to be filed within fourteen days "after entry of judgment." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006). However, it is unclear exactly when the clock commences because "the amount of fees owed under a contingency arrangement is not established [until] months after remand." Biltch v. Astrue, 261 F. App'x 241, 242 n.1 (11th Cir. 2008). Considering this, the Eleventh Circuit recommended district courts fashion a "general order or a local rule permitting district-wide application of a universal process for seeking fees under [406(b)]." (Id.) In fashioning such a general order or local rule, district courts should "keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants." Id. (citing Bergen, 454 F.3d at 1276.)

This Court has no such local rule as suggested in Astrue. However, this Court previously held a motion for attorney's fees pursuant to § 406(b) timely when Plaintiff filed the motion fifty-six days after the notice of award sent by the Social Security Administration. Adams v. Berryhill, CV 114-104 (S.D. Ga. June 2, 2017). Further, courts within the Southern District of Georgia previously allowed plaintiff's counsel at least thirty days from the date of the Social Security Administration's notice of award to file for § 406(b) fees. See Jones v. Astrue, CV 310-038, doc. no. 12, p. 9, *adopted by* doc. no. 14 (S.D. Ga. May 25, 2011) (granting plaintiff's request for thirty-day deadline after notice of award to apply for § 406(b) fees); Curry v. Astrue, CV 309-068, doc. no. 17, pp. 14-15, *adopted by* doc. no. 19 (S.D. Ga. Nov. 18, 2010) (same).

Here, the Court did not include in the reversal judgment a statement specifying a deadline for seeking attorney's fees under § 406(b).  The Social Security Administration issued its notice of award on July 27, 2019, and Plaintiff filed the instant motion on September 17, 2019, which is fifty-two days later.  (Doc. no. 23-3.)  Thus, in light of this Court's precedent and Congress's intent to encourage attorneys to represent Social Security claimants, as well as in the absence of a local rule, standing order, or statement setting a specific deadline, this Court finds the motion timely.

Finally, because an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, counsel shall refund the amount of the previously awarded EAJA fees to Plaintiff, as he acknowledges in his motion he must do.  (Doc. no. 23-1, p. 1); see Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010); see also Paltan v. Comm'r of Soc. Sec., 518 F. App'x 673, 674 (11th Cir. 2013).

### III. CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorney's fees under § 406(b) be **GRANTED**, (doc. no. 23), and awards attorney's fees in the amount of $9,461.38.

SO REPORTED and RECOMMENDED this 3rd day of April, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA